STELLA F. BERTRAM, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent.   (Claim No. 30232.)

JOHN BERTRAM, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent.   (Claim No. 30233.)

GERALD HOTALING, as Limited Administrator of the Estate of JAMES HOTALING, Deceased, Respondent, v. STATE OF NEW YORK, Appellant.   (Claim No. 30490.)

Fourth Department, July 8, 1953.

*Richard C. Mitchell* for respondents-appellants and respondent.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* and *Wendell P. Brown* of counsel), for appellant-respondent.

*Per Curiam.* Presented for our consideration are three claims arising out of two automobile accidents which occurred on Route 176 at a place known as Lawrence Hill. The accidents occurred at different times of the year (the Bertram accident on January 15, 1950, and the Hotaling accident on July 7, 1949) and under entirely different circumstances.

The claims are all predicated upon the alleged failure of the State to erect adequate signs warning of the dangers of the highway and upon its alleged failure to construct and maintain the highway in conformity with good engineering standards and practices, although the court found that when the highway was constructed in 1926 it met all requirements of safe highway construction at that time.

The rule of care required of the State in the maintenance of its highways has been well stated in *Boyce Motor Lines* v. *State of New York* (280 App. Div. 693, 696) where it was said: " The State was not an insurer. It had a duty to construct and maintain its highways in a reasonably safe condition, in accordance with the terrain encountered and traffic conditions to be reason-

ably apprehended. But even so, a certain risk was unavoidable. Roads cannot always be straight and level, and curves with descending grades are always potentially dangerous. A highway may be said to be reasonably safe when people who exercise ordinary care can and do travel over it safely.''

The highway in the instant case presents only one reverse curve and that not a sharp one. The downgrade as one proceeds in a northerly direction extends for a distance of 1,050 feet with a drop in elevation throughout that distance of 58.98 feet. There were no approach signs erected limiting speed on the downgrade and around the curve nor were there any signs indicating a grade and a reverse curve.

While the record contains conflicting expert testimony relative to the need for warning signs, a careful consideration of the evidence leads to the conclusion that the Bertram accident was caused not by a lack of warning signs but rather by the slippery condition of the highway created by a sleet storm then in progress. Bertram was fully aware of this condition. He saw the curve and the hill before him, applied his brakes and slid off the road. He attributed this skid to a patch of ice on the highway which he described as one inch thick and discolored.

The defendant's employee testified that there was no patch of ice on the highway at this point throughout the four days prior to the accident, on the day of the accident, or on the following day. Suffice it to say that the length of time the alleged ice patch existed there was not established.

Upon this record we cannot say that the absence of warning signs or the manner in which the highway was constructed and maintained was the proximate cause of the Bertram car skidding off the highway.

The evidence presented in support of the claim made for the death of James Hotaling discloses that Hotaling was killed during the early morning of July 7, 1949, at about 12:45 A.M. when the automobile he was driving left the highway as he was proceeding in a northerly direction down the Lawrence Hill. There were no witnesses to the accident but from the marks upon the shoulder of the highway it appeared that Hotaling's car traveled in a straight line off the easterly edge of the highway at the point where the highway turned to the left. The evidence discloses that the deceased lived only a short distance from the scene of the accident and was entirely familiar with the highway and the conditions existing at the place where he met his death. A sign could have added nothing to the knowl-

edge of the deceased as to the conditions ahead. We fail to find any evidence in the record establishing negligence on the part of the State which was the proximate cause of the death of Hotaling.

It follows that the judgments appealed from should be reversed and the claims dismissed.

All concur, except McCurn, J., who dissents and votes for affirmance. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

Judgments reversed on the law and facts, without costs of these appeals to either party, and claims dismissed. Certain findings of fact disapproved and reversed and new findings made.